UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARK TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00230-JPH-DLP |
| | ) | |
| BRENDA HINTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DIRECTING PLAINTIFF TO RESOLVE FILING FEE, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Mark Tyson, a prisoner at Wabash Valley Correctional Facility (WVCF), has filed a civil rights complaint concerning his access to legal assistance in prison. In this Order, the Court directs Mr. Tyson to resolve the filing fee for this action, dismisses his complaint, and directs him to take further steps to avoid dismissal of this action.

**I. Filing Fee**

Mr. Tyson shall have **through June 15, 2020**, to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so by filing a motion for leave to proceed without the prepayment of the filing fee (*in forma pauperis*). If Mr. Tyson seeks leave to proceed without prepaying the filing fee, his request must be accompanied by a copy of the transactions associated with his institution trust account for the six-month period preceding the filing of this action on April 30, 2020. The **clerk is directed** to include a form motion for leave to proceed *in forma pauperis* with Mr. Tyson's copy of this Order.

1

## II. Screening

Because Mr. Tyson is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Tyson's pro se complaint is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The Complaint

Mr. Tyson asserts claims for damages and injunctive relief against two defendants: WVCF Law Librarian Brenda Hinton and Warden Dick Brown. The Court identifies the following factual allegations in the complaint.[1]

Mr. Tyson has been confined in WVCF's CCU since February 22, 2020. In the CCU, he is not permitted to visit the law library.

---

[1] The Court has not reviewed the exhibits Mr. Tyson attached to his complaint. *See, e.g.*, *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting that a district judge "could have stricken" attachments to a complaint "without bothering to read" them).

Mr. Tyson wishes to file a petition for postconviction relief. To do so, he believes he needs to consult with a prisoner law clerk from the law library regarding "how to do it," "the right steps," and "how to fill it out and go about it." Dkt. 1 at ¶ 7. Ms. Hinton and Mr. Brown have refused Mr. Tyson's requests for a law clerk to visit his cell in the CCU. They insist that Mr. Tyson may write down any questions about his legal work and that his questions will be relayed to a law clerk.

**C.     Analysis**

Mr. Tyson asserts that the defendants have violated his "Miranda Rights" and Fourteenth Amendment Due Process rights. Dkt. 1 at ¶¶ 16, 20. The Court finds no legal basis for either assertion. Rather, the complaint most closely implicates Mr. Tyson's right to access the courts.

Inmates do not have an "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

"Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). To prevail on an access-to-courts claim, a prisoner must "submit evidence that he suffered actual injury—i.e., that prison officials interfered with his legal materials—and that the interference actually prejudiced him in his pending litigation." *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013) (citations omitted).

"Speculative prejudice is not enough for an 'actual injury.'" *Hertel v. Miller-Lewis*, 695 F. App'x 957, 961 (7th Cir. 2017) (citing *Rossi v. City of Chicago*, 790 F.3d 729, 736 (7th Cir. 2015)). To state a plausible claim, the plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy*, 674 F.3d at

661. "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). The right to access the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415.

Mr. Tyson's complaint does not allege any facts supporting an inference that he has suffered an actual injury because he has not been able to meet with a law librarian in his cell. He alleges generally that his work on his postconviction case and other legal work is "backed up." Dkt. 1 at ¶ 1. Mr. Tyson does not allege that he has failed to meet any filing deadline—much less what his deadlines were, what consequences he faced for missing them, or any information regarding his postconviction claims. Mr. Tyson has not alleged facts sufficient to support an inference that he has a nonfrivolous claim for postconviction relief or that he lost that claim because he was not able to meet with a law clerk in the CCU.

### III. Dismissal of Complaint and Further Proceedings

For the reasons discussed in Part II(C) above, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Tyson shall have **through June 15, 2020**, to file an amended complaint that resolves the deficiencies discussed in this Order or otherwise show cause why this action should not be dismissed.

If Mr. Tyson chooses to file an amended complaint, it must include the case number associated with this action, no. 2:20-cv-00230-JPH-DLP. It will completely replace the original complaint, and it will be screened pursuant to § 1915A, so it must include all defendants, claims, and factual allegations that Mr. Tyson wishes to pursue in this action.

Mr. Tyson shall also have **through June 15, 2020**, to either pay the $400.00 filing fee for this action or demonstrate that he lacks the financial ability to do so as directed in Part I. The **clerk**

4

**is directed** to include a form motion for leave to proceed *in forma pauperis* with Mr. Tyson's copy of this Order.

**SO ORDERED.**

Date: 5/15/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK TYSON
12706
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838